Nott, J.,
delivered the opinion of the court:
The contract in this case, so far as it requires interpretation, is identical with the contract in Merriam's. (14 C. Cls. R., 289.) Its language is that the claimant should furnish at a certain military station 1,500 tons, “ more or less, of hay," “ or such other quantity, more or less, as may be required, from time to time for the wamts of said station between the 1st day of July, 1877, and the 31 st day of December, 1877.” The claimant contends that these words “ required ” “ for the wants of the station ” entitled him to furnish all the hay which the station might require during-the period designated; the defendants insist that the word “ required ” relates to the claimant, and that the intent of the clause was that the claimant should furnish only such hay as should be required of him.
In Merriam’s Case the true interpretation of the contract was rendered clearer by the existing circumstances amid which it was made. The station, Bismarck, was a depot, at which large quantities of grain were received and resliipped by the Quartermaster Department, and the grain delivered there was not strictly “ for the wants of said station; ” other contracts, in like terms, were made at the same time with other persons, which fact was well known to the claimant; a contemporary construction favorable to the defendants had. been given to the contract by both parties, and the defendants had acted upon the faith of it. But, while these circumstances are set forth as confirmatory in the opinion, the court construed the contract to mean that the contractor was to furnish only the quantity specifically named therein, unless he should be “required,” within a reasonable time, and by proper notices from the defendants’ officers, to furnish a greater or less quantity. Moreover, these contracts of the Quartermaster Department are made upon printed blanks, prepared under the supervision of the Quartermaster-General, distributed to every portion of the country where a quartermaster or acting quartermaster is on duty, and used in all kinds of transactions for the purchase of military supplies. It'is of consequence, therefore, that the un *125 changing portions of these contracts should receive a general and unvarying construction, and if doubt existed here — which is not the case, however — we should not feel at liberty lightly to undo the construction heretofore given to the identical language of the contract. We must, therefore, hold that the claimant was not entitled to furnish the hay furnished for the use of the post by third persons, and confine our further inquiry to the difference in quantity between that named in the contract and that actually delivered by him.
No controversy exists now, and no controversy apparently ever existed, as to the claimants right to deliver 1,500 tons of hay. The contract specified that quantity and the defendants’ notice of August 21 called for it. If the claimant had tendered it, then unquestionably it would have been accepted. The notice of November 26, if it had any effect on the claimant’s rights, operated as a renunciation of the contract as of that time, and not as an attempt to reduce the quantity specifically named under the “ more or less ” clause of the contract.
The renunciation of a contract by a defendant, where the other party has a right to perform, stops performance and precludes the plaintiff from making damages by proceeding with his work. On proof of the fact that he was ready and willing to perform, a plaintiff will be entitled to recover nominal damages. If he proceeds further with his proof, and shows that he had expended money in performing or preparing to perform before notice of the renunciation, he will be entitled to recover back his expenses incurred. If, after establishing his positive losses or without having established them, he proceeds with his proof and shows that if he had been allowed to perform he would have made a profit, he will be entitled to recover his gains prevented. The general purpose of the law is to make the rightful party whole; to place him in the same resulting position that he would have been in if the other party had not interfered.
But the claimant here, while proving his expenditures and profits, has failed in making the primary proof that he was ready and willing to perform. His contract was not for work and service, but for the sale and delivery of good merchantable hay. To establish the fact that he was ready and willing to perform on the 26th of November, 1877, a time when the haying season had passed, it was necessary for him to show one of two *126 things: either that lie bad good merchantable hay on hand ready for delivery, or that he could have gone into the market and purchased it for delivery under his contract. Neither of these facts was established, and it is clear that neither existed. There was no hay in that remote and uninhabited region which the claimant could have purchased; and the case shows that the hay which he had on hand undelivered was rejected because it was in a damaged condition.
’ For these reasons we must hold that if the notice of November 26, 1877, operated as a renunciation of the contract, it caused to the claimant no actual damages.
The judgment of the court is that the petition be dismissed.