GRAham, Judge,
delivered the opinion of the court:
The plaintiffs are the receivers of the Concrete Materials-Co., formerly the J. V. Bickford Sand & Gravel Co. The Bickford Co. entered into a subcontract with the J. G~ White Engineering Corporation to furnish it stone, gravel,, and sand in connection with the White Engineering Corporation’s cost-plus contract with the United States for the-erection of an aeronautical experiment station at Langley Field, Ya. The subcontract ivas on a “ more or less ” basis, the material to be delivered as it was needed to complete the work. It is not shown that the United States entered into any direct contract with the Bickford Co., or had any direct, dealings with it. The material was billed, shipped, and delivered to the White Engineering Corporation, and payments were made by the latter company.
Plaintiffs contend that there was a breach of the subcontract by the White Engineering Corporation, because of its. refusal to receive and accept material prior to May 9, 1918. At or before this date the subcontractor lost its credit, and on May 13 passed into the hands of receivers. After May 9, 1918, it neither delivered nor offered to deliver, nor could deliver the material contracted for.
Several months after this alleged breach and the insolvency of the subcontractor, on August 1, 1918, the defendant terminated its contract with the White Engineering-Corporation and abandoned the work of constructing the experiment station, which, under its contract with the White- *856 Engineering Corporation, it had the right to do. It thns appears that the plaintiffs are seeking to hold the United .States liable for damages for a breach of the former’s subcontract, committed, not by the United States but by the prime contractor, the White Engineering Corporation.
It is plain the White Engineering Corporation was not acting as an agent of the Government in erecting the experiment station. It was acting for itself as an independent contractor, and, as such, contracted with the said Bickford Company, which company must be held to have known the terms and conditions of the White Corporation’s contract with the United States, among which was the right reserved to it to abandon the work at any time and terminate the contract. The Government’s dealings were wholly with the White Engineering Corporation.
Assuming for present purposes the existence of a liability on the part of the White Corporation to plaintiffs for breach of contract, was the defendant liable for damages caused by .such breach?
As stated, it was not liable on the ground of agency. Had it in any way assumed liability for this breach and the damages incident thereto? The contract of the defendant with the White Engineering Corporation provided that in ■case it abandoned the work it was “ to assume and become .liable for any such obligations, commitments and unliquid-ated claims as the contractor may have theretofore in good faith undertaken or incurred in connection with said work.” 'This is an agreement with the White Corporation to assume such “ obligations,” etc., as might arise under the terms and conditions of the contract, and not liabilities ■ aliunde the contract or incurred in violation of its provisions. If the asserted liability violated the provisions of the contract, it was clearly not within the circumference of the . above-quoted provision; and if it was contrary to the provisions of the contract, it had not been assumed “in good faith,” and so could not be brought within the shelter of that provision.
Article 12 of the contract provides as follows:
“ Bight to transfer or sublet. — Neither this contract, nor any interest therein, shall be assigned or transferred. The *857 contractor shall not enter into any subcontract for any part of the work herein specified without the consent and approval in writing, of the contracting officer. In case of such assignment, transfer, or subletting without the consent and approval, in writing of the contracting officer, the contracting officer may refuse to carry out this contract either with the transferer or transferee, but all rights of action for any breach of this contract by the contractor are reserved to the United States.”
There is no proof, and it is nowhere contended that the-plaintiffs’ subcontract was ever, as required by this article, approved by the contracting officer, or brought to his attention. Had it been brought to his attention he could have refused to be bound by it or could have terminated it at anytime without incurring liability for breach of contract.. Article 12 was apparently placed in the contract for the very purpose of forestalling such entanglements and controversies as we have in this case, should it become necessary to terminate the contract with the White Corporation. This, disposes of plaintiffs’ claim adversely to them. Another-phase of the case, however, should be noticed.
The Bickford Co., the original subcontractor, in accepting the proposal of the White Corporation naming the quantities, of material to be delivered, stated that the material would “ be delivered as you need it to complete the work.” It does-not appear that the White Engineering Corporation ever abandoned the contract with the plaintiffs or refused to-accept delivery of the undelivered portion of the material. All it did was to postpone, as it had a right to do under the terms of the proposal and acceptance, delivery of the-material for two weeks and until further notice, and in reply plaintiffs requested to be released from their contract. At the time plaintiffs made this request of May 9, they were insolvent and continued so until May 13, 1918, when they went into the hands of receivers. As stated, plaintiffs did not after May 9 offer to or deliver the balance of the material to the White Corporation, or to the defendant, nor Avere-they able to do so.
Under the circumstances there is room for the contention, that plaintiffs breached their contract with the White Corporation by abandoning it. There is no proof of a breach; *858 by the latter company. Even after a breach has been proven, it is necessary, before a party can recover damages, to show that he was ready, willing, and able to perform. Yates v. United States, 15 C. Cls. 119, 125. Nor is there any .satisfactory proof by which damages could be liquidated. The petition should be dismissed, and it is so ordered.
Hat, Judge; Downet, Judge; Booth, Judge; and Campbell, OMef Justice, concur.